**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**


**ALLIANZ GLOBAL RISK US INSURANCE CO., ET AL.**

**VERSUS**

**GENERAL ELECTRIC COMPANY**

**CIVIL ACTION**

**NUMBER 08-699-JJB-DLD**


<u>MAGISTRATE JUDGE'S REPORT</u>

Before the court is plaintiff's motion to remand (rec. doc. 2).  Substituted plaintiff, Allianz Global Risk US Insurance Co. (Allianz), seeks an order remanding this matter to state court because defendants' second attempt to remove this case based on diversity jurisdiction is barred by the one-year rule. <u>See</u> 28 U.S.C. §§1332, 1441(b).    Plaintiff's motion is opposed (rec. doc. 3).

<u>Background</u>

This is the second time the underlying state court action has been removed to this court on the basis of diversity jurisdiction.  On April 25, 2009, defendants filed their first notice of removal, which was assigned Civil Action 08-247-JVP-CN. The facts in the underlying state court action which support the instant removal have not changed substantially from those alleged in connection with the removal in Civil Action 08-247; therefore, the court adopts the relevant facts and procedural history as set forth in the September 29, 2008, ruling on the motion to remand in Civil Action 08-247.

Generally, the original plaintiffs, Air Liquide America, L.P., Air Liquide Large Industries U.S., L.P., and AL America Holdings, LLC (the Air Liquide plaintiffs), filed suit

against defendants, General Electric Company, General Electric International, Inc., and G.E. Energy Services, in the 23rd Judicial District Court, Parish of Ascension, State of Louisiana on September 28, 2005, alleging various state law claims arising from the failure of a generator at their Geismar facility.[1]  After suit was filed, the parties entered into negotiations and on December 27, 2005, plaintiffs filed a notice of defendants' express waiver of service (08-247, rec. doc. 1, Ex. B).  On May 2, 2006, the state court granted plaintiff's motion for partial dismissal without prejudice of all claims *except* those claims and demands related to business interruption allegations (Id., rec. doc. 1, Ex. C).  Defendants were served on January 12, 2006 (Id., rec. doc. 5-2, Ex. A).

Sometime prior to March 27, 2008, Allianz made payment to the Air Liquide plaintiffs under an existing policy of insurance and was thereby subrogated to the rights claimed by the Air Liquide plaintiffs (rec. doc. 1).  As a result of the subrogation, on March 28, 2009, Allianz filed a motion for leave to file petition for intervention and amended petition, which substituted Allianz for the Air Liquide plaintiffs (rec. doc. 1-14).  Prior to the time Allianz was formally substituted for the Air Liquide plaintiffs, defendants filed their first notice of removal, contending that Allianz had been substituted for the Air Liquide plaintiffs, thus rendering the parties completely diverse (08-247, rec. doc. 1, ¶¶ 3-5) .[2] On May, 21, 2008,

---

[1]Air Liquide is a supplier of industrial and medical gases.  At the Geismar facility, Air Liquide separates air into nitrogen and oxygen for supply to industrial clients.  The petition also alleges that plaintiffs purchased the generator because it produced excess power that could be, and was, sold to Entergy, and because it produced enough steam that plaintiffs were able to sell the excess to third parties  (Id., Petition, ¶¶ 10-11, 20-21).

[2]Despite the partial settlement, plaintiffs still claim business interruption damages of $5 million.  The notice of removal alleges that Allianz is a California corporation with its principal place of business in Pennsylvania, whereas defendant General Electric Company, is a New York corporation with a principal place of business in New York and defendant, General Electric International, is a Delaware corporation with its principal place of business in Connecticut (Id., rec. doc. 1, ¶ 5).

Allianz filed its first motion for remand, asserting that removal was untimely under 28 U.S.C. § 1446(b).

The court found that Allianz was not properly substituted for the Air Liquide plaintiffs at the time the notice of removal was filed; therefore, Allianz lacked standing to assert a motion to remand.  Although the first motion to remand was denied, the court *sua sponte* remanded the case to state court because that the removing party failed to properly identify the citizenship of the Air Liquide plaintiffs and prove diversity jurisdiction.

After being remanded to the state court, the state court judge signed an October 3, 2008, judgment granting plaintiffs' motion for leave to file for intervention and amended petition, which substituted Allianz for the Air Liquide plaintiffs (08-699, rec. doc. 3-3). Thereafter, on October 29, 2008, defendants again removed the state court action to this court based on diversity jurisdiction (Id., rec. doc. 1).  In response, Allianz filed a second motion to remand, which is now before the court for review (Id., rec. doc. 2).

**Argument of the Parties**

Allianz moves to remand this matter to state court based on the one-year limitation for removal in diversity cases.  This action was originally filed in state court on September 25, 2005, between non-diverse parties.  Plaintiff argues that the substitution of Allianz, which is diverse, for the non-diverse Air Liquide plaintiffs on October 2, 2008, did not make this matter removable, but even if it did, defendants filed their notice of removal over a year after this matter was pending in state court.  Thus, plaintiff claims that defendants are barred from removing this matter due to the one-year time limit for removal of diversity cases. Finally, Allianz rejects the notion that defendants are entitled to an equitable

exception to the one-year rule based on allegations that Allianz engaged in forum manipulation by concealing the true citizenship of the parties.

Defendants respond that removal based on diversity jurisdiction is warranted as a result of the amended petition, which substituted Allianz, a diverse plaintiff, for the non-diverse Air Liquide plaintiffs.  Defendants argue that the one-year time limit has not run because the state court action was filed in an improper venue and, therefore, never truly "commenced" for purposes of calculating the time for removal.  Additionally, defendants argue that they are entitled to an equitable exception to the one-year rule because Allianz attempted to suppress the existence of complete diversity until after the one-year period expired.

### Law and Discussion

The removal statute, 28 U.S.C. §1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278 (5th Cir. 2007); *Shamrock Oil & Gas Corp. V. Sheets*, 313 U.S. 100, 108-109, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941).  Remand is proper if at any time the court lacks subject matter jurisdiction. See 28 U.S.C. §1447(c). Diversity jurisdiction exists in cases involving "citizens of different states" where the amount in controversy exceeds $75,000. See 28 U.S.C. §1332.  The party seeking to invoke federal diversity jurisdiction bears the burden of establishing both that the parties are diverse and that the amount in controversy exceeds $75,000. *Garcia v. Koch Oil Co. Of Texas, Inc.,* 351 F.3d 636 (5th Cir. 2003), citing *Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir.1998).

A party may remove a case based on diversity jurisdiction within 30 days of receipt of the initial pleading or, if the initial pleading is not removable, within 30 days of receipt of an

amended pleading, motion, order, or other paper from which it is ascertained that the case has become removable.  See 28 U.S.C. §1446(b).  Regardless of whether the case is initially removable or becomes removable at a later date, a case may not be removed based on diversity jurisdiction more than one-year after commencement of the action. Id.  The Fifth Circuit in *Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 427 (5th Cir. 2003), noted that the conduct of the parties may affect whether it is equitable to strictly apply the one-year limit.  The court in *Tedford* recognized an equitable exception to the one-year rule when a plaintiff attempts to manipulate the statutory rules for determining federal removal jurisdiction, thereby preventing the defendant from exercising its rights.  Id., at 429.

Defendants removed this matter based on diversity jurisdiction. See 28 U.S.C. §1332 and §1441(a).  Thus, in addition to meeting the requirements of diverse citizenship and amount in controversy under 28 U.S.C. §1332, defendants must also prove that the removal was timely under 28 U.S.C. §1446(b) or that they are entitled to an equitable exception to the one-year rule.  Regardless of whether defendants are able to establish that the parties are diverse and that the amount in controversy exceeds $75,000, they cannot prove that the notice of removal was timely filed.

Although defendants argue that the state court suit was brought in an improper venue; therefore, the action was never "commenced" for purposes of determining when the notice of removal should be filed, they provide no support for their position nor have they pursued their exception of venue in state court.  Rather, defendants have passed their exception of improper venue without date and twice removed the state court action to this court.  The underlying state court suit has been pending in the same venue since its inception.  Defendants perhaps confuse the concepts of venue and jurisdiction.  Venue is

merely the location of the courthouse; it does not have the same impact as a lack of jurisdiction.  The action may have been commenced in the wrong district court, but it nevertheless was "commenced."  Moreover, defendants have preserved their objection to venue by filing an exception in the underlying action, which could be heard in federal court as well were the action properly removed.

Additionally, defendants filed their second notice of removal based on diversity almost three years after the original petition was filed in state court.  Defendants seek an equitable exception to the one-year rule based on allegations that plaintiffs manipulated the forum to prevent removal.  The Air Liquide plaintiffs have been negotiating and settling their claims in state court for several years prior to the second removal in October 2008.  On March 28, 2008, after expiration of the one-year time limitation, Allianz moved to intervene and file an amended petition, and on October 3, 2008, Allianz, an allegedly diverse plaintiff, was substituted for the non-diverse Air Liquide plaintiffs based on a payment and subrogation under an existing insurance policy.  The court cannot determine from the record the actual date of Allianz's payment to the Air Liquide plaintiffs in order to decipher whether the plaintiffs' motion for leave to file petition for intervention and amended petition could have been filed earlier.  More importantly, defendants have not introduced any evidence to prove that plaintiffs were engaged in forum manipulation by failing to substitute Allianz at an earlier time.  Because the defendants have not offered proof to support an application of an equitable exception to the one-year rule, defendants second notice of removal, which was filed more than a year after the initial pleading was filed in state court, is untimely.

Defendants' notice of removal is barred by the one-year rule; therefore, it is unnecessary to address whether defendants proved the existence of diversity jurisdiction. Defendants failed to remove this matter within one-year of commencement of the action in state court and have failed to prove that an equitable exception to the one-year rule is applicable to the facts of this case.  Thus, it is recommended that the motion to remand should be granted.  Accordingly,

**IT IS RECOMMENDED** that the motion to remand (rec. doc. 2) be **GRANTED** and this matter remanded to the 23rd Judicial District Court, Parish of Ascension, State of Louisiana.

Signed in Baton Rouge, Louisiana, on April 13, 2009.

_____

**MAGISTRATE JUDGE DOCIA L. DALBY**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**


**ALLIANZ GLOBAL RISK US INSURANCE CO., ET AL.**

**VERSUS**

**GENERAL ELECTRIC COMPANY**

**CIVIL ACTION**

**NUMBER 08-699-JJB-DLD**

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have ten days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report.  A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on April 13, 2009.

**MAGISTRATE JUDGE DOCIA L. DALBY**